UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

VIVIAN M. ACEVEDO,

    Plaintiff,

v.

RAS LAVRAR, LLC,
FLYNN LAVRAR,
JOANNE MARY GALIPAULT, and
CAPITAL ONE BANK (USA), N. A.

    Defendants.

_____/

# COMPLAINT
## FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the tort of wrongful garnishment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants filed a state court garnishment proceeding against Plaintiff's property in this District.

## PARTIES

3. Plaintiff, VIVIAN M. ACEVEDO, ("Acevedo" or "Plaintiff") is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant, RAS LAVRAR, LLC, ("RAS") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

5.      Defendant, RAS, is registered with the Florida Department of State Division of Corporations as a domestic limited liability company.

6.      RAS regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7.      RAS regularly collects or attempts to collect debts due to other parties.

8.      Defendant, FLYNN LAVRAR, ("Mr. LaVrar") is natural person believed to be a citizen of the State of Florida residing in Broward County, Florida.

9.      Mr. LaVrar is a member of the Florida Bar and believed to be a principal and or employee of RAS, practicing law at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

10.     Mr. LaVrar regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

11.     Mr. LaVrar regularly collects or attempts to collect debts due to other parties.

12.     Defendant, JOANNE MARY GALIPAULT, ("Galipault") is natural person believed to be a citizen of the State of Florida residing in Broward County, Florida.

13. Galipault is a member of the Florida Bar and believed to be a principal and or employee of RAS, practicing law at Second Floor, 1133 South University Drive, Plantation, Florida 33324.

14. Galipault regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15. Galipault regularly collects or attempts to collect debts due to other parties.

16. Defendant. Capital One Bank (USA), N. A. ("Capital One") is believed to be a bank chartered under the National Bank Act with its headquarters at 1680 Capital 1 Drive, McLean, Virginia 22102.

## FACTUAL ALLEGATIONS

17. Defendants sought to collect from Plaintiff an alleged debt arising from a credit card issued by Capital One, which Plaintiff used for her own personal, family and household purposes.

18. Plaintiff's alleged debt went into default.

19. On or about December 2, 2009, Capital One, filed suit against Plaintiff in state court in Broward County, Florida.

20. On or about February 2, 2011, Capital One obtained a final judgment against Plaintiff.

21. At some point after the entry of judgment, Capital One retained RAS to collect the judgment.

22. Thereafter, Defendants obtained a continuing writ of garnishment against Plaintiff's wages and successfully garnished on Plaintiff's wages.

23. Defendants failed to serve two separate notices required by Florida law of the existence of the writ and notices to her of her right to dissolve the writ on Plaintiff at her last known address, failed to serve such notices timely and failed to disclose in various documents that RAS, Mr. LaVrar, and Galipault were debt collectors.

24. Defendants made false representations to both Plaintiff and the state court in order to garnish on Plaintiff's wages.

25. Defendants acted in malice to harass and pressure Plaintiff in an effort financially benefit themselves.

26. Plaintiff suffered damages as a result of Defendants improper actions and seek statutory, compensatory and punitive damages.

## COUNT I
## FALSE STATEMENTS MADE TO A TRIBUNAL AND TO PLAINTIFF AGAINST RAS, FLYNN, AND GALIPAULT

27. Plaintiff incorporates Paragraphs 1 through 26.

28. Defendants RAS, Flynn, and Galipault made false representations to a tribunal and to Plaintiff in violation of 15 U.S.C. §1692e.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, RAS, Flynn and Galipault, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTORS AGAINST RAS, FLYNN, AND GALIPAULT

29. Plaintiff incorporates Paragraphs 1 through 26.

30. Defendants RAS, Flynn, and Galipault failed to disclose their status as debt collectors in violation of 15 U.S.C. §1692e(11).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants, RAS, Flynn and Galipault, for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## WRONGFUL GARNISHMENT AGAINST CAPITAL ONE

31. Plaintiff incorporates Paragraphs 1 through 26.

32. Defendant, Capital One, wrongfully garnished on Plaintiff's wages, did so knowingly, and with malice.

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiff and against Defendant, Capital One, for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## WRONGFUL GARNISHMENT AGAINST RAS

33. Plaintiff incorporates Paragraphs 1 through 26.

34. Defendant, RAS, wrongfully garnished on Plaintiff's wages, did so knowingly, and with malice.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, RAS LAVRAR, LLC, for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## WRONGFUL GARNISHMENT AGAINST MR. LAVRAR

35. Plaintiff incorporates Paragraphs 1 through 26.

36. Defendant wrongfully garnished on Plaintiff's wages, did so knowingly, and with malice.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, FLYNN LAVRAR, for:

    a. Actual and Punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT VI
## WRONGFUL GARNISHMENT AGAINST GALIPAULT

37. Plaintiff incorporates Paragraphs 1 through 26.

38. Defendant wrongfully garnished on Plaintiff's wages, did so knowingly, and with malice.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant, GALIPAULT, for:

    a.    Actual and Punitive damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> don@donyarbrough.com
>
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658